Receipt Number 538850

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY HOUGH,

    Plaintiff,

v.

STATE FARM INSURANCE COMPANY,

    Defendant.

Wayne County Circuit Court Case No. 06-600523 NF
United States District Court Case No.

Case: 2:06-cv-10764
Assigned To : Duggan, Patrick J
Referral Judge: Whalen, R. Steven
Assign. Date : 02/21/2006 12:05PM
Description: REM WENDY HOUGH
V. STATE FARM INS CO(DA)

BARRY J. GOODMAN (P29906)
Attorney for Plaintiff
1700 W. Ten Mile Road, 2nd Floor
Southfield, Michigan 48075
(248) 483-5000

PAUL H. JOHNSON, JR. (P26871)
LEE C. ESTES (P29181)
CARY R. BERLIN (P64122)
PATRICK, JOHNSON & MOTT, P.C.
Attorneys for Defendant
27777 Franklin Road, Suite 1100
Southfield, Michigan 48034
(248) 356-8590

## DEFENDANT'S NOTICE OF REMOVAL

The Defendant, State Farm Mutual Automobile Insurance Company (improperly designated in the complaint as "State Farm Insurance Company" and hereby referred to as "State Farm"), through its attorneys, Patrick, Johnson & Mott, P.C., removes the above action from the Wayne County Circuit Court to this Court, pursuant to 28 U.S.C. § 1446, based upon the following grounds:

1. The above action was filed in Circuit Court for the County of Wayne, State of Michigan [Docket No. 06-600523-NF] and is now pending in that court.

2. Based upon information and belief after speaking with Plaintiff's counsel's office, the summons and complaint have not been formally served upon State Farm as indicated in the complaint.

3. State Farm's first notice of the lawsuit was February 7, 2006 when a copy of the complaint was received by State Farm, claim representative, Luci Falkenberg. (See enclosed Affidavit and Letter, Appendix "A").

4. State Farm is now, and was at the time of the commencement of this action, a corporation organized and existing under the laws of the State of Illinois, having its principal place of business located in the City of Bloomington, State of Illinois. State Farm is a resident of the State of Illinois and is not a citizen or corporation of the State of Michigan.

5. The Plaintiff is a resident of Wayne County, Michigan as evidenced in her complaint. (Appendix "B").

6. A controversy exists between State Farm and the Plaintiff, and the amount in controversy in this action exceeds the sum of $75,000.00, as evidenced by Plaintiff's "Attendant Care Summary" provided to State Farm on February 2, 2006. (Appendix "C").

7. This Court has original jurisdiction of the action due to the amount in controversy and diversity of citizenship, pursuant to 28 U.S.C. § 1332.

8. State Farm is entitled to remove the above action from the Wayne County Circuit Court to this Court, pursuant to 28 U.S.C. § 1446(a).

Respectfully submitted,

**PATRICK, JOHNSON & MOTT, P.C.**

By _/s/ Paul M. Johnson_
PAUL M. JOHNSON, JR. (P26871)
LEE C. ESTES (P29181)
CARY R. BERLIN (P64122)
Attorneys for Defendant
27777 Franklin Road, Suite 1100
Southfield, Michigan 48034
(248) 356-8590

Dated: February 21, 2006

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY HOUGH,

        Plaintiff,

v.

STATE FARM INSURANCE COMPANY,
A Michigan Corporation,

        Defendant.

Wayne County Circuit Court Case No. 06-600523 NF
United States District Court Case No.
Hon.

Case: 2:06-cv-10764
Assigned To : Duggan, Patrick J
Referral Judge: Whalen, R. Steven
Assign. Date : 02/21/2006 12:05PM
Description: REM WENDY HOUGH
V. STATE FARM INS CO(DA)

---

BARRY J. GOODMAN (P29906)
Attorney for Plaintiff
1700 W. Ten Mile Road, 2nd Floor
Southfield, Michigan 48075
(248) 483-5000

PAUL H. JOHNSON, JR. (P26871)
LEE C. ESTES (P29181)
CARY R. BERLIN (P64122)
PATRICK, JOHNSON & MOTT, P.C.
Attorneys for Defendant
27777 Franklin Road, Suite 1100
Southfield, Michigan 48034
(248) 356-8590

---

## PROOF OF SERVICE

On February 21, 2006, I sent, by way of First Class mail, a copy of Defendant, State Farm Mutual Automobile Insurance Company's (improperly designated in the complaint as "State Farm Insurance Company) **Notice of Removal, Civil Cover Sheet** and this **Proof of Service** to:

Mr. Barry J. Goodman
Goodman Acker
Attorney for Plaintiff
1700 W. Ten Mile Road, 2nd Floor
Southfield, Michigan 48075

Clerk of the Court
Wayne County Circuit Court
201 CAYMC
Two Woodward Avenue
Detroit, Michigan 48226

I declare that the statements above are true to the best of information, knowledge and belief.

                                          */s/ Elizabeth A. King*
                                          Elizabeth A. King



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY HOUGH,

    Plaintiff,

v.

Case No.
Hon.

STATE FARM INSURANCE COMPANY,

    Defendant.

---

BARRY J. GOODMAN (P29906)
Attorney for Plaintiff
1700 W. Ten Mile Road, 2nd Floor
Southfield, Michigan 48075
(248) 483-5000

PAUL H. JOHNSON, JR. (P26871)
LEE C. ESTES (P29181)
CARY R. BERLIN (P64122)
PATRICK, JOHNSON & MOTT, P.C.
Attorneys for Defendant
27777 Franklin Road, Suite 1100
Southfield, Michigan 48034
(248) 356-8590

---

## AFFIDAVIT OF LUCI FALKENBERG

STATE OF MICHIGAN    )
                                 )ss
COUNTY OF KALAMAZOO)

    I, Luci Falkenberg, being first duly sworn, hereby state as follows:

    1.    I have personal knowledge of the facts stated in this Affidavit. I am competent to testify as to these facts and will testify if called as a witness in this matter.

    2.    I am employed as a Claim Representative with State Farm Mutual Automobile Insurance Company ("State Farm"). I have handled the Plaintiff's claim since September, 2005.

    3.    Although it appears that the Plaintiff's Complaint was filed on January 5, 2006, I did not receive a copy or notice of the lawsuit until I received a letter from Plaintiff's counsel dated February 7, 2006 (Exhibit "A").

4. State Farm has no record of having received the Plaintiff's Complaint until the February 2, 2006 letter sent by Plaintiff's counsel.

Further Affiant sayeth not.

_____
LUCI FALKENBERG, CLAIM REPRESENTATIVE

Subscribed and sworn to before me
this _____ day of _____, 2006

_____
NOTARY PUBLIC

My commission expires: _____

4.  State Farm has no record of having received the Plaintiff's Complaint until the February 2, 2006 letter sent by Plaintiff's counsel.

Further Affiant sayeth not.

*LUCI FALKENBERG*, CLAIM REPRESENTATIVE

Subscribed and sworn to before me
this 17TH day of FEBRUARY, 2006

_____
NOTARY PUBLIC

My commission expires: 2-21-12

BETTY L. GRUBER
NOTARY PUBLIC, STATE OF MI
COUNTY OF KALAMAZOO
MY COMMISSION EXPIRES Feb 21, 2012
ACTING IN COUNTY OF KALAMAZOO



**GOODMAN ACKER**
ATTORNEYS & COUNSELORS AT LAW
Professional Corporation

\*GERALD H. ACKER
\*\*BARRY J. GOODMAN
STANLEY J. FELDMAN
TIM SULOLLI
KEVIN Z. KOMAR
\*ALSO ADMITTED IN DC
\*\*ALSO ADMITTED IN FLORIDA

www.goodmanacker.com

February 20, 2006

<u>*Via Fax to 248-356-7934*</u>

Cary R. Berlin, Esq.
Patrick, Johnson & Mott
1100 American Center
27777 Franklin Road
Southfield, MI 48034

Re: **Wendy Hough v. State Farm**
**Case No. 06-600523-NF**

Dear Mr. Berlin:

I had sent a copy of the Complaint to your adjuster in hopes of negotiating settlement rather than proceeding with litigation, but since it was forwarded to you it looks like we'll be going through the court system. Please advise if you will accept service on behalf of your client, or if I must serve them by certified mail.

Very truly yours,

GOODMAN ACKER, P.C.

Barry J. Goodman

BJG/sjh

RECEIVED
FEB 20 2006
BY

17000 WEST TEN MILE ROAD, SECOND FLOOR • SOUTHFIELD, MICHIGAN 48075 • PHONE 248.483.5000 • FAX 248.483.3131



| STATE OF MICHIGAN THIRD CIRCUIT COURT | SUMMONS AND RETURN OF SERVICE | CASE NO. |
|---|---|---|

COURT ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226

COURT TELEPHONE NO. (313) 224-____

THIS CASE ASSIGNED TO JUDGE: JOHN A. MURPHY    Bar Number: 24492

| PLAINTIFF | DEFENDANT |
|---|---|
| RUSSI BENNETT | STATE FARM INSURANCE COMPANY |

PLAINTIFF'S ATTORNEY

BARRY J. GOODMAN
(P-29706)
17000 W 10 MILE RD FL 2
SOUTHFIELD, MI 48075-2920
248-483-5000

| CASE FILING FEE | JURY FEE |
|---|---|
| PAID | NO JURY DEMAND FILED |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| 01/05/06 | 04/05/06 | PAMELA OLIVER |

*This summons is invalid unless served on or before its expiration date.    Cathy M. Garrett – Wayne County Clerk

NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

The action ☐ remains ☐ is no longer pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

_____    Signature of attorney/plaintiff

COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

SUMMONS AND RETURN OF SERVICE    MCR 1.102(B)(1), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a, b), MCR 3.206 (A)

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

WENDY HOUGH,

    Plaintiff,

-vs-

STATE FARM INSURANCE COMPANY,
A Michigan Corporation,

    Defendant.
_____/

BARRY J. GOODMAN (P29906)
Attorney for Plaintiff
17000 W. Ten Mile Road, 2nd Floor
Southfield, Michigan 48075
(248) 483-5000
_____/

06-600523 NF  1/05/2006
JDG: JOHN A MURPHY
HOUGH WENDY
vs
STATE FARM INSURANCE COMPANY



FILED
JAN 0 5 2006
WAYNE COUNTY CLERK

THERE IS CURRENTLY NO OTHER CIVIL ACTION
ARISING OUT OF THE SAME TRANSACTION OR
OCCURRENCE AS ALLEGED IN THIS COMPLAINT CURRENTLY
PENDING OR PREVIOUSLY FILED WITH THE COURT.

## COMPLAINT

NOW COMES Plaintiff, WENDY HOUGH, by and through counsel, GOODMAN ACKER, P.C., and for her Complaint, states as follows:

1. The Plaintiff, WENDY HOUGH, is a resident of the City of Dearborn, Wayne County, Michigan.

2. The Defendant, STATE FARM INSURANCE COMPANY, (hereinafter referred to as "STATE FARM") is a Michigan corporation, duly licensed and authorized to do business in the State of Michigan and conducts business in Wayne County, Michigan accepting service through Ceira V. Stevens, P.O. Box 2983, Kalamazoo, Michigan 49003.

1

3. The amount in controversy is in excess of Twenty-Five Thousand ($25,000.00) Dollars.

4. Prior to and including April 29, 2004, the Defendant, STATE FARM, issued a policy of no-fault insurance, which policy continued in effect during all the times hereinafter mentioned and pertinent to the issues for this Court. Claim No. 22A-150388.

5. Plaintiff is entitled to benefits under this policy, as Plaintiff is an insured under the policy, and is entitled to be covered under the policy because Plaintiff is a named insured or resident relative.

6. On April 29, 2004, Plaintiff, WENDY HOUGH, was a passenger in a vehicle traveling on Wolverine Lake Road at or near the intersection of Glengary Road in Oakland County, Michigan when it was struck head-on by another vehicle traveling at a high rate of speed. The automobile accident caused her personal injuries which necessitated medical treatment and resulted in Plaintiff's disability from normal daily routine, including work.

7. The Plaintiff informed the Defendant that she was injured and the Plaintiff has performed all obligations required of her pursuant to the terms of the aforesaid policy, including submission of proof of loss and copies of bills/invoices incurred.

8. The Defendant insurance company has not paid the Plaintiff for certain amounts of medical bills, wage loss, replacement services, attendant care or mileage.

9. Plaintiff shows that under the terms of the aforesaid policy, the Defendant insurance company was required to pay, in accordance with Chapter 31 of the Michigan Insurance Code, Public Act 294 of 1972, otherwise known as MCL 500.3101 et. seq., certain allowable expenses and the allowable expenses as defined in the aforesaid policy, including reasonable charges for medical care.

2

10. Plaintiff further shows that because the Defendant insurance company has wrongfully failed to accept responsibility under its insurance policy, Plaintiff has had to incur other expenses connected with the subject matter of this action, all of which expenses have been needlessly placed upon Plaintiff by the wrongful actions of the Defendant. Further, Plaintiff avers that the Defendant insurance company, its agents, servants and employees, in doing the things alleged herein, acted in bad faith, oppressively and maliciously toward Plaintiff and with the intent to deceive her. As such, Plaintiff is entitled to obtain from the Defendant interest, costs and a reasonable attorney fee pursuant to the provisions of the No-Fault Statute. Further, Defendant has had sufficient information to pay all claims and did not do so within the Statutory thirty (30) day time period as set forth under the Michigan No-fault Act. Plaintiff is entitled to attorney fees, costs and interest due to this breach.

WHEREFORE, Plaintiff, WENDY HOUGH, seeks judgment against the Defendant in an amount in excess of Twenty-Five Thousand ($25,000.00) Dollars that is fair, just and reasonable, and which sums include all past due and presently owed No-Fault Benefits, together with interest, costs and attorney fees.

GOODMAN ACKER, P.C.

BARRY J. GOODMAN (P29906)
Attorney for the Plaintiff
17000 W. Ten Mile, 2nd Floor
Southfield, MI 48075
(248) 483-5000

Dated: January 4, 2006



## ATTENDANT CARE SUMMARY

RE: Wendy Hough
DOL: 4/29/04
CLAIM NO.: 22A-150388

---

August 16, 2004 – August 31, 2004

16 days at 9.5 hours per day
152 hours x $24.00 per hour          $ 3,648.00

September 1, 2004 – September 30, 2004

30 days at 9.5 hours per day
284 hours x $24.00 per hour          $ 6,840.00

October 1, 2004 – October 31, 2004

31 days at 9.5 hours per day
294.5 hours x $24.00 per hour        $ 7,068.00

November 1, 2004 – November 30, 2004

30 days at 9.5 hours per day
284 hours x $24.00 per hour          $ 6,840.00

December 1, 2004 – December 31, 2004

31 days at 9.5 hours per day
294.5 hours x $24.00 per hour        $ 7,068.00

January 1, 2005 – January 31, 2005

31 days at 9.5 hours per day
294.5 hours x $24.00 per hour        $ 7,068.00

February 1, 2005 – February 28, 2005

28 days at 9.5 hours per day
266 hours x $24.00 per hour          $ 6,384.00

March 1, 2005 – March 31, 2005

31 days at 9.5 hours per day
294.5 hours x $24.00 per hour        $ 7,068.00

1

<u>April 1, 2005 – April 30, 2005</u>

30 days at 9.5 hours per day
284 hours x $24.00 per hour                $ 6,840.00

<u>May 1, 2005 – May 31, 2005</u>

31 days at 9.5 hours per day
294.5 hours x $24.00 per hour              $ 7,068.00

<u>June 1, 2005 – June 30, 2005</u>

30 days at 9.5 hours per day
284 hours x $24.00 per hour                $ 6,840.00

<u>July 1, 2005 – July 31, 2005</u>

31 days at 9.5 hours per day
294.5 hours x $24.00 per hour              $ 7,068.00

<u>August 1, 2005 – August 31, 2005</u>

31 days at 9.5 hours per day
294.5 hours x $24.00 per hour              $ 7,068.00

<u>September 1, 2005 – September 30, 2005</u>

30 days at 9.5 hours per day
284 hours x $24.00 per hour                $ 6,840.00

<u>October 1, 2005 – October 31, 2005</u>

31 days at 9.5 hours per day
294.5 hours x $24.00 per hour              $ 7,068.00

<u>November 1, 2005 – November 30, 2005</u>

30 days at 9.5 hours per day
284 hours x $24.00 per hour                $ 6,840.00

<u>December 1, 2005 – December 31, 2005</u>

31 days at 9.5 hours per day
294.5 hours x $24.00 per hour              $ 7,068.00

                                    Total:  $114,684.00

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
WENDY HOUGH

**DEFENDANTS**
STATE FARM INSURANCE COMPANY

(b) County of Residence of First Listed Plaintiff: **WAYNE**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **MCLEAN**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Barry J. Goodman of Goodman Acker
1700 West Ten Mile Road, 2nd Floor, Southfield, Michigan (248) 483-5000

Attorneys (If Known)
Paul H. Johnson, Jr. of Patrick, Johnson & Mott, P.C.
27777 Franklin Road, Suite 1100, Southfield, Michigan (248) 356-8590

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

Case: 2:06-cv-10764
Assigned To : Duggan, Patrick J
Referral Judge: Whalen, R. Steven
Assign. Date : 02/21/2006 12:05PM
Description: REM WENDY HOUGH V. STATE FARM INS CO(DA)

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1446
Brief description of cause:
Procedure for Removal

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 25,000.00 +
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 02/21/2006
SIGNATURE OF ATTORNEY OF RECORD: /s/ Paul W. Johnson

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

URSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?   ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ Yes   ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :