UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY HOUGH,

    Plaintiff,

v.                                                                          Case No. 06-10764-DT

STATE FARM INSURANCE COMPANY,        Honorable Patrick J. Duggan
a Michigan Corporation

    Defendant.
_____/

**OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND
AND
DENYING PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on May 3, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On January 5, 2006, Plaintiff Wendy Hough filed suit against Defendant State Farm Mutual Automobile Insurance Company[1] (hereinafter "State Farm" or "Defendant") in Wayne County Circuit Court seeking no-fault insurance benefits. On February 21, 2006, Defendant removed the action to this Court on the basis of diversity jurisdiction. Presently before the Court are Plaintiff's Motion to Remand, filed on March 2, 2006, and

---

[1] In the Complaint, Defendant was improperly designated "State Farm Insurance Company."

Plaintiff's Motion to File First Amended Complaint, filed on March 15, 2006. On April 27, 2006, the Court heard oral arguments on these motions.

## I.  Background

On April 29, 2004, Plaintiff was a passenger in a car driven by her mother, Jeannene Allen, when another vehicle crossed into their lane and hit their vehicle head-on. Plaintiff suffered serious injuries to her spine as a result of the accident.

Plaintiff filed a claim as a resident relative to collect no-fault benefits from State Farm. Plaintiff collected benefits for medical expenses and wage loss arising from the accident. Plaintiff's lawsuit seeks benefits for replacement services, attendant care, and additional wage loss and medical expenses.

## II.  Discussion

### A.  Plaintiff's Motion to Remand

First, Plaintiff argues that Michigan has jurisdiction over Defendant State Farm pursuant to MICH. COMP. LAWS ANN. § 600.711(3), because State Farm conducts "continuous and systematic" business within the state. (Br. in Supp. of Mot. to Remand at 2-4). Michigan's long-arm statute, however, relates to *personal* jurisdiction–the fact that State Farm may be sued in Michigan state courts because it conducts "continuous and systematic" business in Michigan. In contrast, the issue here is whether this Court has federal *subject matter* jurisdiction over the action.

Moreover, at the hearing, counsel for Plaintiff asserted that because State Farm conducts continuous and systematic business in Michigan, State Farm is a "citizen" of Michigan and there is no diversity of citizenship between the parties as required by 28

2

U.S.C. § 1332.  Counsel for plaintiff, however, was unable to cite any case in support of the totally meritless proposition that a corporation conducting continuous and systemic business in a state becomes a "citizen" of that state for the purposes of diversity jurisdiction.

Second, Plaintiff argues that because Defendant is an insurance company, there is no diversity of citizenship between the parties and this Court does not have subject matter jurisdiction to hear Plaintiff's claims, citing 28 U.S.C. § 1332, which states, in relevant part:

> (c) For the purposes of this section and section 1441 of this title--
>
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c)(1).

Plaintiff argues that the present action is a "direct action" within the meaning of 28 U.S.C. § 1332(c)(1) because it is an action against an insurer for no-fault benefits, citing *Ford Motor Company v. Insurance Company of North America*, 669 F.2d 421 (6th Cir. 1982).  Plaintiff fails to note that *Ford Motor Co.*, involved a third-party action in which an insurance company was being sued for no-fault insurance benefits but the insured was not a party.

In contrast, the Sixth Circuit has found that "applying the direct action provision to a dispute solely between an insured and her own insurance company would result in an

3

absurdity– federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state." *Lee-Lipstreu v. Chubb Group Ins. Cos.*, 329 F.3d 898, 899-900 (6th Cir. 2003). Therefore, when a plaintiff is suing his or her own insurance company for no-fault benefits, there is no "direct action" and 28 U.S.C. § 1332(C)(1) does not apply. *See Herring v. State Farm Mut. Auto. Ins. Co.*, 2005 WL 3071902 (E.D. Mich. Nov. 16, 2005) (finding that "the Sixth Circuit clearly rejects applying the 'direct action' provision of § 1332(C)(1) to a 'dispute solely between an insured and [their] own insurance company . . ."); *Galdi v. Encompass Ins. Co.*, 2005 WL 2449155 (E.D. Mich. Oct. 3, 2005) (distinguishing Ford Motor Co. because it involved a third-party claim, whereas in *Galdi*, the insureds were suing for first-party benefits).

In this case, like the plaintiffs in *Herring* and *Galdi*, *supra*, Plaintiff *is* the insured. Plaintiff's mother's policy states that an "Insured" is "You or any relative." (*See* Ex. D, Automobile Policy p. 12). In addition, the Michigan Court of Appeals has held that "although a spouse need not be, any other relative must be domiciled in the same household as the person named in the policy to be eligible for PIP benefits." *Auto Club Ins. Ass'n v. State Farm Ins. Co.*, 221 Mich. App. 154, 165, 561 N.W.2d 445 (1997). Because Plaintiff was domiciled with her mother at the time of the accident, she was a resident relative entitled to no-fault benefits under State Farm's policy. Consequently, there is no direct action and 28 U.S.C. § 1332(c) does not apply. State Farm is therefore considered a citizen of Illinois (the state of its incorporation and principal place of

4

business) and there is diversity of citizenship between the parties.[2]

Finally, neither party disputes that the amount in controversy exceeds $75,000. Accordingly, this Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 and Plaintiff's Motion to Remand shall be denied.

B.  Plaintiff's Motion to File First Amended Complaint

Plaintiff contends that "since the filing of this action and the filing of the motion to remand, Plaintiff has determined that legal malpractice was committed on the part of Plaintiff's previous attorney, Bernard Cohen, . . ." because "Mr. Cohen did not submit anything to Defendant State Farm seeking no-fault benefits prior to the filing of this action by Plaintiff's current counsel and as such the statute of limitations for those benefits which were not submitted has passed." (Pl.'s Mot. to Amend ¶¶1-2).[3]  Plaintiff seeks leave amend her complaint and file a legal malpractice claim against Cohen. Plaintiff also seeks leave to amend her complaint to add an uninsured motorist allegation against Defendant and a count against the driver of the other vehicle, John Pate.

Plaintiff contends that: "By virtue of the fact that Plaintiff has added the Defendant driver, uninsured motorist count, as well as a count for legal malpractice, this action should be remanded to the Wayne County Circuit Court as Defendant Pate and Defendant

---

[2] In her Reply brief, Plaintiff does not dispute Defendant's argument that § 1332(c) does not apply in this case. Rather, Plaintiff moves to amend her complaint to add new claims against additional defendants, which she contends will require the Court to remand her action to the Wayne County Circuit Court. The Court will discuss Plaintiff's argument in Section B of this Opinion.

[3] Plaintiff probably learned this from the facts section of Defendant's brief, which stated that Plaintiff did not present a disability certificate for replacement services or attendant care to Defendant until the date Plaintiff filed this lawsuit, on January 5, 2006.

Cohen are residents of the State of Michigan." (Pl.'s Reply Br. in Supp. of Mot. to Remand at 2). However, the Court has not yet granted Plaintiff leave to amend to add these Defendants.

Rule 15(a) of the Federal Rules of Civil Procedure, provides, in pertinent part: "[A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The Rule was intended to "reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). To deny a motion to amend, the district court must find "at least some significant showing of prejudice to the opponent." *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986).

First, the Court does not believe that Plaintiff should be allowed to amend her Complaint to join the additional non-diverse parties, Cohen and Pate. 28 U.S.C. § 1447(e) provides, in part: "[I]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." A court must consider the following factors in determining whether to allow joinder:

> (1) the diverse defendant's interest in selecting a federal forum;
>
> (2) whether the plaintiff was dilatory in seeking the amendment;
>
> (3) whether the plaintiff will be injured significantly if the amendment is not allowed; and
>
> (4) any other factors bearing on the equities.

*J. Lewis Cooper Co. v. Diageo North America, Inc.*, 370 F. Supp. 2d 613, 618 (E.D.

Mich. 2005) (citing *Wells v. Certainteed Corp.*, 950 F. Supp. 200, 201 (E.D. Mich. 1997) and *Siedlik v. Stanley Works, Inc.*, 205 F. Supp. 2d 762, 765 (E.D. Mich. 2002)). "These factors . . . are intended to answer the ultimate question whether the primary purpose of the proposed joinder is to oust the case from the federal forum." *J. Lewis Cooper Co.*, 370 F. Supp. 2d at 618.

Applying the above factors to this case, it is clear that Plaintiff's primary purpose in seeking to join the non-diverse parties is to oust the case from the federal forum. Plaintiff contends that Pate, the driver of the other vehicle, was not named as a defendant in the original action because "Plaintiff has learned that that action has not yet been filed." (Pl.'s Reply Br. in Supp. of Mot. to Remand at 2). However, Plaintiff sets forth no further explanation as to why she thought that the action had been filed or who she thought was going to file it on her behalf. Similarly, Plaintiff fails to explain why she only recently learned that Cohen had failed to submit anything to Defendant State Farm seeking no-fault benefits for replacement or attendant services. Defendant contends that in July of 2004, Plaintiff requested replacement services and was told that she was required to have her doctor submit a disability certificate stating that she required such benefits. Plaintiff failed to provide Defendant with the necessary document. (Def.'s Br. in Opp. to Pl.'s Mot. to Remand at 1).

Plaintiff chose, at the time she filed her complaint, not to include Pate and Cohen as defendants. It was only after Defendant removed the case to this Court, that Plaintiff sought to add these defendants. Plaintiff does not contend that these parties are necessary or indispensable and Plaintiff can bring these claims against Cohen and Pate in a separate

7

state court action. Because the case was properly removed to this Court, the Court must accord some weight to Defendant's decision to have this case heard in this forum. Therefore, the Court believes that Plaintiff's sole reason for seeking to add Cohen and Pate as defendants, at this time, is to defeat jurisdiction.

In addition, discovery and the issues involved in Plaintiff's malpractice claim against Cohen are entirely different from the present no-fault insurance claim against Defendant State Farm, which is essentially a breach of contract claim. Moreover, although Plaintiff's uninsured motorist claim against Defendant State Farm and the third-party claim against Pate arise from the same accident, these claims are based in tort law and require different proofs and discovery from the present no-fault insurance claim against Defendant State Farm. Consequently, if Plaintiff wishes to bring a claim for legal malpractice against Cohen or an uninsured motorist claim against Defendant State Farm and a third-party claim against Pate, she may file these actions in state court.[4]

C. <u>Defendant's Request for Sanctions</u>

In its responses to both motions, Defendant seeks sanctions against Plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure, contending that Plaintiff's motions were frivolous. Rule 11 provides that a court may impose sanctions upon attorneys who have violated subdivision (b) of Rule 11. Subdivision (c)(1)(A) provides, in pertinent part:

---

[4] At the hearing, defense counsel indicated that if Plaintiff files an uninsured motorist claim in state court, Defendant will not seek to remove the action to federal court.

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . , the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

FED. R. CIV. P. 11(c)(1)(A).

In this case, Defendant did not make its motions for sanctions separately, nor did Defendant inform the Court whether it served the motion on Plaintiff prior to presenting it to this Court. Because Defendant did not comply with the "safe harbor" provisions of Rule 11, this Court will not address the merits of Defendant's sanctions motions.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File First Amended Complaint is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motions for Sanctions are **DENIED**.

				s/PATRICK J. DUGGAN
				UNITED STATES DISTRICT JUDGE

Copies to:
Barry J. Goodman, Esq.
Carey R. Berlin, Esq.