UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY HOUGH,                                             No. 06-10764

        Plaintiff,                                  District Judge Patrick J. Duggan

v.                                                       Magistrate Judge R. Steven Whalen

STATE FARM INSURANCE CO.,
a Michigan corporation,

        Defendant.
                                         /

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO REOPEN DISCOVERY**

Before the Court is Defendant's Motion to Reopen Discovery for a Limited Purpose [Docket #62], which has been referred for hearing and determination pursuant to 28 U.S.C. §636(b)(1)(B). Pursuant to E.D. Mich. L.R. 7.1(e)(2), this Motion will be submitted and decided without oral hearing.

In its Motion, Defendant seeks (1) to obtain discovery of the underlying data supporting a discographic report submitted by Plaintiff's physician, Dr. Michael Wheeler; (2) to obtain said data prior to the deposition of Dr. Wheeler; and (3) to supplement the *de bene esse* deposition of Defendant's expert, Dr. Steve Geiringer.

Dr. Wheeler performed the discography procedure on the Plaintiff on March 23, 2007, and the Defendants received the report on March 27, 2007. This was after Dr. Geiringer's deposition was taken, but before Dr. Wheeler's deposition, which is scheduled for April 17,

2007.

Notwithstanding mutual (and exceedingly unhelpful) recriminations and accusations of bad faith, reneging on agreements and other skullduggery, the resolution of this dispute is fairly simple and straightforward. Dr. Wheeler's report was prepared and produced to the Defendant after discovery closed, but prior to Wheeler's deposition. Discovery obligations are continuing; of course the Defendant is entitled to have the data underlying Dr. Wheeler's report, and the Plaintiff shall produce it no later than one week before Dr. Wheeler's deposition.[1]

However, Defendant's request to re-depose its own expert, Dr. Geiringer, will be denied. Dr. Geiringer clearly testified at his deposition that discograms are of no value as diagnostic tools, and that "the discogram can be thrown out of the picture, as far as I am concerned, because again, the careful research shows that they are essentially worthless." (Geiringer deposition, pp. 111-112). Given Dr. Geiringer's firmly expressed belief that discograms are garbage, and that his own opinion would not change even if the discogram were positive, there would be little if any value to re-deposing him. It is sufficient that Defendant may provide the report and the underlying data to Dr. Geiringer and consult with him for purposes of preparing for the deposition of Dr. Wheeler.

Based on this Court's ruling that the discographic data be produced prior to Dr.

---

[1] There appears to be some dispute and confusion over whether Dr. Wheeler is to be produced for a discovery deposition or a *de bene esse* deposition. Trial is scheduled for April 24, 2007. There will be only one deposition of Dr. Wheeler, which will serve as a *de bene esse* deposition.

Wheeler's deposition, the Defendant's request that Dr. Wheeler be excluded from testifying and that evidence of the discography be excluded is denied.

Accordingly, Defendant's Motion to Reopen Discovery is GRANTED IN PART AND DENIED IN PART, as set forth above.

SO ORDERED.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: April 6, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 6, 2007.

S/Gina Wilson
Judicial Assistant