UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY HOUGH,

    Plaintiff,

v.

    Case No. 06-10764

    Honorable Patrick J. Duggan

STATE FARM INSURANCE COMPANY,
a Michigan corporation,

    Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 4, 2007.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On January 5, 2006, Wendy Hough ("Plaintiff") filed this lawsuit against State Farm Insurance Company (hereinafter "Defendant" or "State Farm") in Wayne County Circuit Court seeking no-fault insurance benefits. On February 21, 2006, Defendant removed the action to this Court on the basis of diversity jurisdiction. After this Court held a trial on May 21, 2007 through May 31, 2007, the jury returned a verdict in favor of Plaintiff. On June 18, 2007, this Court entered a Judgment on the Jury Verdict. Presently before this Court are: (1) Plaintiff's Motion to Amend Judgment to Include No-Fault Sanctions, Taxable and/or Prevailing Party Costs and Interest; and (2) Defendant's Motion for Costs

and Attorney Fees Pursuant to Michigan Compiled Laws Section 500.3148(2). On July 20, 2007, the Court sent the parties a notice stating that the Court is dispensing with oral argument on their motions. *See* E.D. Mich. LR 7.1(e)(2).

I. **Background**

On April 29, 2004, Plaintiff was a passenger in a car driven by her mother, Jeannene Allen, when another vehicle crossed into their lane and hit their vehicle head-on. Plaintiff claims that she injured her spine as a result of the accident.

Plaintiff filed a claim as a resident relative to collect no-fault benefits from State Farm. State Farm began paying Plaintiff benefits for medical expenses, wage loss, and mileage. Sometime thereafter, based on an independent medical examination ("IME") conducted by Dr. Steven Geiringer, State Farm terminated all benefits. As a result, Plaintiff filed this lawsuit seeking benefits for replacement services, attendant care, and additional wage loss and medical expenses.

A jury trial was held on May 21, 2007 through May 31, 2007. The jury returned a verdict in favor of Plaintiff, but it did not award attendant care benefits and awarded a portion of the replacement service benefits sought by Plaintiff. The Judgment of Jury Verdict entered by this Court on June 18, 2007 itemized the damages awarded to Plaintiff in the following manner:

> Allowable expenses arising out of the accident were incurred by or on behalf of the Plaintiff after January 5, 2005, and she is owed allowable expenses (not already paid by the Defendant) in the amount of:     $6,963.00
>
> Work loss arising out of the accident was sustained by Plaintiff after January 5, 2005, and she is owed wage loss

> benefits (not already paid by the Defendant) in the amount of:
>
> $5,991.72
>
> Replacement service expenses arising out of the accident were incurred by or on behalf of the Plaintiff after January 5, 2005, and she is owed replacement service expenses (not already paid by the Defendant) in the amount of:
>
> $1,200.00
>
> Payment for some of the expenses and losses to which the Plaintiff was entitled were overdue, and interest is owed to the Plaintiff on overdue benefits (not already paid by the Defendant) in the amount of:
>
> $1,698.57

(Doc. No. 84 at 1-2.) After RJA prejudgment interest was calculated ($1,272.14), the Court entered a judgment in the amount of $17,125.43 against Defendant. (*Id.* at 2.)

## II. Plaintiff's Motion for Attorney Fees

### A. Whether Plaintiff is Entitled to Attorney Fees Under the No-Fault Act

The relevant provision of the no-fault act cited by Plaintiff in her motion provides:

> An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.

MICH. COMP. LAWS § 500.3148(1). The purpose behind this provision "is to ensure that the insurer promptly makes payment to the insured." *Roberts v. Farmers Ins. Exch.*, – Mich. App. –, 2007 Mich. App. LEXIS 832, at *13 (Mich. Ct. App. March 24, 2007)(to be published). "While the terms 'unreasonably refused' and 'unreasonably delayed' are not further defined, the case law indicates that a delay is not unreasonable where it is the product of a legitimate question of statutory construction, constitutional law, or even a

3

bona fide factual uncertainty." *Liddell v. Detroit Auto. Inter-Ins. Exch.*, 102 Mich. App. 636, 650, 302 N.W. 2d 260, 266 (Mich. Ct. App. 1981)(citations omitted); *see also Attard v. Citizens Ins. Co. of Am.*, 237 Mich. App. 311, 317, 602 N.W. 2d 633, 637 (Mich. Ct. App. 1999). "However, where there is such a delay or refusal, a rebuttable presumption of unreasonableness arises such that the insurer has the burden to justify the refusal or delay."[1] *McKelvie v. Auto Club Ins. Ass'n*, 203 Mich. App. 331, 335, 512 N.W. 2d 74, 77 (Mich. Ct. App. 1994).

Plaintiff contends that Defendant cannot rebut the presumption of unreasonableness and, in fact, Defendant's refusal to pay was unreasonable. In its response, Defendant argues that there was a bona fide factual uncertainty as to whether Plaintiff was entitled to the benefits she requested. More specifically, Defendant contends that "there is an abundance of evidence from numerous physicians that Plaintiff was not entitled to the benefits she was claiming." (Dft.'s Resp. Br. at 3.)

Assuming Defendant has met its burden in rebutting the presumption of unreasonableness, the Court believes that Defendant's denial of no-fault benefits was unreasonable at least with respect to Plaintiff's claims for allowable expense and work loss. However, the Court does not believe that Defendant was unreasonable in refusing or failing to pay Plaintiff's claims of between $228,624.00 and $155,880.00 for attendant

---

[1] In a recent case, the Michigan Supreme Court granted leave to appeal to determine whether the rebuttable presumption adopted by many Michigan Courts of Appeals is consistent with the language of MICH. COMP. LAWS § 500.3148(1). *See Ross v. Auto Club Group*, 478 Mich. 902, 903, 732 N.W. 2d 529, 530 (2007).

care[2] or Plaintiff's claim of $16,800.00 for replacement services.

The Court must therefore determine the amount of a reasonable attorney fee to which Plaintiff is entitled.

### B. Calculation of Attorney Fees

Under Michigan law, "the controlling criterion is that the attorney fees be 'reasonable.'" *Woods v. Detroit Auto Inter-Ins. Exch.*, 413 Mich. 573, 588, 321 N.W. 2d 635, 661 (1982). In determining whether the requested amount of attorney fees is reasonable, a court should consider the following factors:

> (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client.

A court is not limited to these factors in making its determination and "need not detail its findings as to each specific factor considered." *Id.*

In view of the fact that the jury found that Plaintiff was entitled to $14,155.00 for allowable expenses, work loss, and replacement services, the jury, in effect, found that Plaintiff was entitled to approximately 7% of the amount Plaintiff claims she was entitled to.[3] In determining the amount of a reasonable attorney fee to which Plaintiff is entitled, the Court considers the factors set forth above. This Court believes that the most

---

[2]Plaintiff sought alternative amounts for attendant care. (*See* Pl.'s Ex. 3 attached to Pl.'s Answer in Opposition to Def.'s Mot. for Costs and Atty Fees.)

[3]In arriving at this sum, the Court has taken the average of Plaintiff's claims for total outstanding first party benefits as reflected in Exhibit 3 of Plaintiff's response to Defendant's motion. (*See id.* ($260,356.00 plus $187,612.00 divided by 2, equals $223,984.00. The total amount awarded Plaintiff of $14,155.00 is approximately 7% of this amount).)

5

significant of those factors to be considered are (3) the amount in question and the results achieved and (4) the difficulty of the case. In this Court's opinion, the prosecution of a first party no fault benefits case is not exceptionally difficult. It basically involves proving that an automobile accident occurred causing the injuries of which Plaintiff complains and establishing that the "benefits" sought were incurred and are reasonable.

It is of course impossible to ascertain what portion of Plaintiff's attorney fees were incurred as a result of Plaintiff's efforts to prove she was entitled to attendant care for which Plaintiff was awarded zero or with respect to Plaintiff's efforts to prove the amount to which she was entitled for replacement services. (Plaintiff sought $16,800.00 for replacement services; however, the jury only awarded $1,200.00.)

With respect to the third factor "the amount in question and the results achieved," the Court believes that some apportionment of Plaintiff's attorney fees must be made. If the Court were to strictly base the award of attorney fees on the relationship to the amount recovered versus the amount claimed, Plaintiff would be entitled to approximately $6,500.00. *See supra* footnote 3 (approximately 7% of the requested $93,080.00 in attorney fees.) The Court, however, believes that the lawsuit was necessitated by Defendant's failure or refusal to pay those expenses that the jury found that Plaintiff "was entitled" to and were "overdue." (Doc. No. 84 at 2.)

The Court will therefore award Plaintiff the sum of $14,000.00 for attorney fees which is approximately 15% of the amount of attorney fees sought.

III. <u>**Defendant's Motion for Attorney Fees**</u>

The relevant statutory provision cited by Defendant in its motion provides:

> An insurer may be allowed by a court an award of a reasonable sum against a claimant as an attorney's fee for the insurer's attorney in defense against a claim that was in some respect fraudulent or so excessive as to have no reasonable foundation. . . .

MICH. COMP. LAWS § 500.3148(2). Because, as set forth above, the Court has determined that Defendant was "unreasonable" in paying some of the amounts sought by Plaintiff, the Court does not find that Plaintiff's claim was "fraudulent or so excessive as to have no reasonable foundation."[4]

The Court will therefore deny Defendant's Motion for Costs and Attorney Fees Pursuant to Michigan Compiled Laws Section 500.3148(2).

## III. Costs

In addition to seeking attorney fees, Plaintiff claims that she is the prevailing party, and thus, she is entitled to costs pursuant to Michigan Court Rule 2.625 and sections of Michigan's Revised Judicature Act, MICH. COMP. LAWS §§ 600.2405, 600.2441, 600.2555, 600.2549, 600.2552. "Absent a prohibition in a statute or court rule, or unless the court directs otherwise, costs are allowed to the 'prevailing party in an action.'" *Stamp v. Hagerman*, 181 Mich. App. 332, 337, 448 N.W. 2d 849, 851 (1989)(quoting MICH. CT. R. 2.625(A)(1)). "Where there is only one cause of action, the party who prevails on the entire record is deemed to be the prevailing party." *McMillan v. Auto Club Ins. Ass'n*, 195 Mich. App. 463, 466, 491 N.W. 2d 593, 595 (Mich. Ct. App.

---

[4] There is no published opinion by a Michigan court awarding attorney fees under this statutory provision.

7

1992)(citing MICH. CT. R. 2.625(B)(2)). However, "[i]n an action involving several issues or counts that state different causes of action or different defenses, the party prevailing on each issue or count may be allowed costs for that issue or count." MICH. CT. R. 2.625(B)(2).

First, Defendant argues that there were "several issues to be considered" in this case. (Dft.'s Rep. Br. 13.) According to *McMillan*, a case cited by Defendant in its reply brief, a lawsuit seeking no-fault benefits is based only on one cause of action and the fact that the plaintiff did not obtain all the damages he or she sought does not preclude him or her from receiving costs as the prevailing party. 195 Mich. App. at 466, 491 N.W. 2d at 595. Nonetheless, in that Plaintiff was not awarded any of her requested damages for attendant care and only a portion of her requested damages for replacement services, she did not "prevail[] on the entire record." *See* MICH. CT. R. 2.625(B)(2). Consequently, Plaintiff is not entitled to costs.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Amend Judgment to Include No-Fault Sanctions, Taxable and/or Prevailing Party Costs and Interest is **GRANTED, IN PART, AND DENIED, IN PART**.

Plaintiff is awarded $14,000.00 in attorney fees.

**IT IS FURTHER ORDERED** that Plaintiff's request for costs, pursuant to Michigan Court Rule 2.625 is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Costs and Attorney

Fees Pursuant to MCL 500.3148(2) is **DENIED**.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Barry J. Goodman, Esq.
Stanley Feldman, Esq.
James F. Hewson, Esq.
Diane Aimar-Saylor
Kujtim Sulolli, Esq.